# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| FARRELL CROSS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 4:18-cv-1135-PLC |
| EILEEN RAMEY, | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner Farrell Cross's response to the Court's July 17, 2018 order directing him to show cause why his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, should not be dismissed. For the reasons explained below, this action will be dismissed, without prejudice, due to petitioner's failure to exhaust available state remedies.

### Background

Petitioner is an inmate at the Jefferson City Correctional Center. On May 22, 2014, a jury convicted petitioner of murder in the first degree. *State of Missouri v. Cross*, No. 12SF-CR00126 (24th Jud. Cir. Jan. 26, 2012). On September 5, 2014, he was sentenced to life imprisonment without parole. Petitioner appealed, and the Missouri Court of Appeals affirmed his conviction and sentence, issuing its mandate on September 22, 2016. *State of Missouri v. Cross*, 497 S.W.3d 271 (E.D. Mo. 2016). On December 20, 2016, petitioner filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, and on May 2, 2017, counsel filed an amended motion, asserting numerous claims of ineffective assistance of trial counsel. *Cross v. State of Missouri*, No. 16SF-CC00232 (24th Jud. Cir. Dec. 20, 2016). On

October 25, 2017, a hearing was held before the Honorable Sandra Martinez, and evidence was heard. Following the hearing, the record was left open for the submission of depositions and additional exhibits. On January 12, 2018, Judge Martinez took the matter under advisement, and on April 6, 2018, she entered an order denying petitioner's motion. On May 16, 2018, petitioner filed a notice of appeal. As of the date of this Memorandum and Order, that appeal remains pending in the Missouri Court of Appeals for the Eastern District of Missouri. *Cross v. State of Missouri*, No. ED 106716 (Mo. Ct. App. May 17, 2018). In the instant petition, petitioner asserts, *inter alia*, that he received ineffective assistance of counsel.

Along with the instant petition, petitioner filed a motion to recuse all of the judges of this Court, arguing that a former federal prosecutor's misconduct made it impossible for any judge in the Eastern District of Missouri to be fair. On July 17, 2018, that motion was denied. (Docket No. 6). On that same date, petitioner was ordered to show cause why this action should not be dismissed due to his failure to exhaust his available state court remedies prior to filing the instant petition in this Court. (Docket No. 7).

On July 27, 2018, petitioner filed a motion titled "Motion for Orders," seeking an order compelling the St. Francois County Circuit Court to file with this Court every document that was filed in his case since April 6, 2018. (Docket No. 9). He also stated his intent to appeal the instant matter, and he claimed that the Magistrate Judge lacked the authority to deny his motion for recusal and to direct him to show cause why his petition should not be dismissed. Shortly thereafter, he filed two nearly identical motions titled "Petition for Temporary and Permanent Restraining Order Pending the Appeal in this Case." (Docket Nos. 11 and 12). Therein, he alleged various infirmities in his state court proceedings, he claimed that St. Francois County,

Missouri was illegally holding certain assets of his, and he filed a notice stating his intent to request a restraining order and injunction.

On August 6, 2018, petitioner filed a response to the Court's order to show cause. Therein, he states he is upset that prior court orders were published to Lexis, he sets forth various infirmities in his state court proceedings, and he contends that the public should be allowed to know about them. He also included a letter addressed to the Magistrate Judge. The tone of that letter is combative and objectionable. Briefly, petitioner accuses the Magistrate Judge of various forms of wrongdoing, he quarrels with the exhaustion requirement, he indicates he does not want to pursue his pending appeal in state court, and he indicates he plans to appeal the instant action.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b)(1),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the State . . .

In addition, the Supreme Court has recognized that, in the absence of exceptional circumstances, a state prisoner is required to exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if the state prisoner may effectively present his claim to the state courts by any currently

available and adequate procedure.

Here, petitioner's post-conviction appellate proceedings remain pending. He therefore has available state procedures he must exhaust before invoking federal habeas jurisdiction. Petitioner has not presented, and the Court does not find, that exceptional circumstances warrant dispensing with this requirement. The Court will therefore dismiss this action, without prejudice, due to petitioner's failure to exhaust his available state remedies. The Court will also deny as moot petitioner's pending motions.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Farrell Cross's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's Motion for Orders (Docket No. 9) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's Petition for Temporary and Permanent Restraining Order Pending the Appeal in this Case (Docket No. 11) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's Petition for Temporary and Permanent Restraining Order Pending the Appeal in this Case (Docket No. 12) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 8th day of August, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE