UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FARRELL CROSS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:18-cv-1135-PLC |
| EILEEN RAMEY, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's *pro se* Motion to Vacate all Orders Pretaining [*sic*] to Dismissing this Case Removing all Judges EDMO and Ordering the State to Show Cause Requesting Additional Injunctive Relief, which the Court construes as a motion for reconsideration of the dismissal of this action. The motion will be denied.

### Background

Plaintiff commenced this civil action on July 10, 2018 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He sought and was granted leave to proceed *in forma pauperis*. On July 17, 2018, the Court entered an order directing petitioner to show cause why his petition should not be dismissed. In that Order, the Court noted that petitioner's state post-conviction appellate proceedings were still pending, and he therefore had available state procedures that he must exhaust before invoking federal habeas jurisdiction. After that order was entered, petitioner filed several documents. However, as fully set forth in the Court's August 8, 2018 Memorandum and Order, petitioner did not establish, nor did the Court find, that exceptional circumstances warranted dispensing with the exhaustion requirement. The Court then dismissed the petition, without prejudice.

In the instant motion, petitioner alleges, *inter alia*, that there is an "absolute actual real conspiracy going on in state court of appeals eastern district." (Docket No. 26 at 2). He

complains about, *inter alia*, the actions of a particular prosecutor, and he claims his state court case was rigged. He asks this Court to vacate all of its prior orders, reinstate this case, assign counsel, hold an evidentiary hearing, issue a restraining order, and issue a preliminary injunction.

**Discussion**

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal." *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). However, when a district court is presented with a motion for reconsideration after a notice of appeal has been filed, it should consider the motion and assess its merits. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004); *Winter v. Cerro Gordo County Conservation Bd.*, 925 F.2d 1069, 1073 (8th Cir. 1991). It may then deny the motion, or indicate its belief that the arguments raised are meritorious. *Id.*

Federal Rule of Civil Procedure 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)). Rule 59(e) and Rule 60(b) are analyzed identically. *Metropolitan St. Louis Sewer Dist.*, 440 F.3d at 935 n. 3.

Upon review of the merits of the instant motion, the Court concludes that petitioner's allegations present no valid reason for the Court to reconsider any of its prior orders, including the August 8, 2018 dismissal of this case. Petitioner also presents no valid basis for the recusal

or disqualification of any judge, nor does he establish entitlement to a restraining order or preliminary injunction. The motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Motion to Vacate all Orders Pretaining [*sic*] to Dismissing this Case Removing all Judges EDMO and Ordering the State to Show Cause Requesting Additional Injunctive Relief (Docket No. 26) is **DENIED**.

Dated this 14th day of September, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE